**In the Matter of George Walter CROSBY, Jr. d/b/a Crosby Brothers Drugs, Debtor.**

**Bankruptcy No. 485–00683.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Nov. 23, 1988.

Circuit. *See Bonner v. Pritchard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*).

Jack Usher, Asst. U.S. Trustee, Savannah, Ga.

Julian H. Toporek, Savannah, Ga., for debtor.

## ORDER ON MOTION TO CONVERT

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

The United States Trustee filed a Motion to Convert this Chapter 11 case on numerous grounds. After a hearing to consider said Motion I conclude that the Motion should be denied for the reasons set forth herein.

Debtor is the proprietor of a retail pharmacy business. In October 1985 his Chapter 11 case was filed. As of this date Debtor has been unable to propose a confirmed plan. The major reason that Debtor is in this Court and that he has been unable to formulate a plan has been his inability to timely receive medicare/medicaid reim-

bursements from the State of Georgia for prescriptions he claims to have filled for his eligible customers. At the present time, the vast majority of his customers are medicare/medicaid participants and without a reliable flow in payment of claims Debtor will fail. Debtor's inability to timely receive reimbursement for medicare/medicaid claims stems from a variety of causes or combinations thereof:

1) Debtor has at times lacked a sense of urgency and diligence in filing and substantiating valid claims.

2) Worse, Debtor has been the subject of investigation by the State of Georgia to determine whether he has filed fraudulent claims in the past. This could result in a criminal prosecution.

3) Debtor's status as a medicare/medicaid provider is the subject of administrative or judicial termination proceedings which if ultimately successful would force him out of business.

No final determination of the criminal matter or Debtor's provider status has occurred. Despite the fact that Debtor had, inexplicably, not timely submitted claims for reimbursement of many thousands of dollars over a period of several months, at a previous motion to dismiss or convert this case, I decided instead to appoint an Examiner, W. Jan Jankowski to serve. The purpose of appointing the examiner was to provide expertise and assistance to the Debtor in processing his claims on a current basis, and in filing claims for services which had been rendered months earlier. The Examiner has served the estate well and as a result of his efforts substantial sums have been received. By previous order of this Court, Debtor is permitted to retain 25% of all sums received in order to operate his business. The balance is being held in the registry of the Court and amounts to approximately $111,146.91 at this time.

■ Given the status of this case, and Debtor's continuing efforts to recover funds I am unable to conclude that the case should be converted under 11 U.S.C. Section 1112 which reads in relevant part:

"(b) ... on request of a party in interest of the United States trustee ... the court may convert a case ... for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;"

As applied to the facts in this case, while each of those criteria arguably exist, a favorable resolution of Debtor's provider status dispute and favorable termination of any criminal investigation would quite likely enable him to propose a confirmable plan and rehabilitate himself. Indeed, the creditors who appeared at this hearing have asked the Court not to convert the case for essentially two reasons: First, conversion would deprive the estate of the inestimably valuable services of Mr. Jankowski who as Examiner could not serve as trustee or attorney for the trustee by virtue of 11 U.S.C. Section 327(f) and 11 U.S.C. Section 321(b). Second, conversion would reduce the degree of interest, limited as it may have been, of the Debtor in prosecuting his claims and getting his creditors paid.

This leaves the alternative basis for the Motion of the United States Trustee. It is alleged that:

"The debtor has failed to comply with the requirements of the United States Trustee for Debtor-in-Possession in Chapter 11 as authorized pursuant to 28 U.S.C. Section 586(a)(3)."

Nowhere does 11 U.S.C. Section 1112(b) expressly set forth that failure of a debtor to comply with these "requirements" is a basis for dismissal or conversion. However, the general ground for dismissal or conversion is "for cause" and the list of 10 examples under subsection (b) is clearly a non-exclusive listing. Thus, I am faced with the decision of whether a Debtor's failure to comply with the United States Trustee "requirements" constitutes

"cause" to dismiss or convert. Legislative history indicates that subsection (b) grants "wide discretion to the court to make an appropriate disposition of the case." S.Rep. No. 95–989, 95 Cong., 2nd Sess. 117–118 (1978); See H.R.Rep. No. 95–595, 95 Cong., 1st Sess. 405–06 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5903, 5904, 5963, 6361, 6362.

In determining whether the failure to comply with United States Trustee "requirements" constitutes "cause" it is necessary to explore what those requirements are [1] and analyze their relationship to the concept of "cause" for dismissal or conversion.

*History and Scope of the United States Trustee Program*

 28 U.S.C. Section 581 provides for appointment of United States Trustees by the Attorney General on a regional basis. The purpose of the enactment of this system was set forth in 1978 when the pilot United States Trustee program was adopted.

"The second major change proposed by the bill is the creation of a Government officer to supervise the conduct of bankruptcy cases, and to serve as trustee in bankruptcy cases when private trustees are unwilling to serve. Many of the functions assigned to the new official, called the United States trustee, are currently performed by bankruptcy judges. Under the proposed system, the bankruptcy judges will be handling only judicial matters in bankruptcy cases. The proposed United States trustees will be the repository of many of the administrative functions now performed by bankruptcy judges, and will serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena.

The United States trustees will be locally based and generally autonomous, but will be loosely supervised and assisted by the Department of Justice. The bill provides for an Assistant Attorney General, nominated by the President, and confirmed by the Senate, to assist the Attorney General in matters related to the United States trustees. It is expected that the Assistant Attorney General will have only a small staff, and will offer general administrative assistance and support services in individual cases to the United States trustees in each judicial district, where the bulk of the work will be done. Every effort has been made, because of the differences in bankruptcy administration in various parts of the country, to decentralize the United States trustee system, and not to have a Washington-based hierarchy."

H.R.Rep. 95–595, 95th Cong. 1st Sess. 100–15 (1977).

The goal of this system was further amplified in legislative history in 1986 when the United States Trustee program was expanded to a near-nationwide program.

"Ten U.S. Trustee positions were created encompassing 18 federal judicial districts (out of the total of 94 federal judicial districts in the United States). The U.S. Trustees were given responsibility for many of the administrative functions that had previously been handled by the bankruptcy courts (such as appointing individuals to serve as private trustees to handle administrative duties in chapter 7 and chapter 13 cases, monitoring the performance of these private trustees, maintaining panels of private trustees qualified to serve in chapter 7 and chapter 13 cases, appointing a standing chapter 13 private trustee where appropriate, and appointing a trustee in Chapter 11 reorganization proceedings when ordered by the court)....

The Department of Justice also issued an in-house evaluation of the Pilot Program 'Report of the Attorney General of the United States Trustee System' (January 3, 1984) which highlighted many of the Program's successes. In particular, the Department emphasized the pro-

---

**1.** The text of these requirements as promulgated in this United States Trustee region is attached as appendix "A" to this Order.

gram's success in carrying out critical watchdog responsibilities, such as preventing fraud and other abuses and in monitoring debtors-in-possession in Chapter 11 reorganization cases to ensure full and timely remittance of employees' social security deductions and withholding tax. The U.S. Trustees have prevented incidents such as one that occurred in a non-pilot district where a Chapter 11 debtor ran up a withholding tax liability in excess of $1 million."

H.R.Rep. No. 99–764, 99th Cong. 2nd Sess. 15–24 (1986) U.S.Code Cong. & Admin. News 1986, pp. 5227, 5236.

Clearly the purpose of the program was and is to separate as much as possible the purely administrative functions formerly performed by the Court from judicial functions, a goal both salutary and necessary in view of the exploding bankruptcy caseload and expanded jurisdiction of the judiciary. It is clear from the legislative history and the statutory language that all judicial determinations remain with the judiciary. The United States Trustee is an independent agency and comes to court with no special status or presumption that the judiciary views its recommendations or positions with any greater authority or weight than any other litigant. Indeed, the staff of the agency claim no such status in this matter. Nevertheless, it is important that parties who deal with the United States Trustee on administrative matters, and who later appear in court, understand that to be the case.

The "requirements" of the United States Trustee are merely administrative in nature. They have not obtained the blessing of this or any other court as mandatory, court ordered or approved requirements. While they may be extremely useful to the United States Trustee, the Debtor, and creditors in the case, and while debtors may voluntarily comply with them, the determination of whether a failure to comply carries with it any penalty is a matter solely for judicial determination. That calls for an analysis of whether the failure to comply constitutes cause to dismiss or convert, under 11 U.S.C. Section 1112.

### United States Trustee Requirements and the Concept of "Cause"

28 U.S.C. Section 586 sets forth the duties of the United States Trustee. Many of them relate to the appointment and supervision of panel trustees in Chapter 7 cases, and appointment and supervision of standing trustees in Chapter 12 and 13 cases. The United States Trustee is also given the duty to "supervise the administration of cases and trustees ... under Chapter 11 by, whenever the United States trustee considers it to be appropriate", monitoring creditors committees, applications to employ professionals, fee applications, disclosure statements, and plans in Chapter 11 cases, and reporting to the United States Attorney any criminal violations of the United States law. 28 U.S.C. § 586(a)(3)(A), (B), (E), (F) and (H). None of those sections authorize the United States Trustee to impose administrative requirements on debtors-in-possession. Additional duties of the United States Trustee found in U.S.C. Section 586(a)(3) and (a)(5) permit the United States Trustee to:

"(a)(3)(D) [take] such action as the United States trustee deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 and and this title by the debtor are properly and timely filed;

(G) [monitor] the progress of cases under title 11 and [take] such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress;

(a)(5) perform the duties prescribed for the United States trustee under title 11 and this title, and such duties consistent with title 11 and this title as the Attorney General may prescribe;"

By its terms subsection (D) authorizes the United States Trustee only to enforce the specific terms of titles 11 and 28 with respect to timely filing of all "reports, schedules and fees." Subsection (G) makes it incumbent on the United States Trustee to monitor and act to prevent "undue delay" in Chapter 11 cases. This duty dovetails with other provisions such as 11 U.S.

C. Section 1112 which permits the United States Trustee to file motions to dismiss or convert if appropriate grounds exist. By its terms, however, it grants no broader regulatory function over the debtor's management of its case than subsection (D).

Section (a)(5) is something of a "catch-all" provision which permits the Attorney General to prescribe further duties for the United States Trustee but those duties are restricted to those which are "consistent with title 11 and this title [28]." Congress granted no broader power to regulate Chapter 11 cases to the Attorney General and the United States Trustee than that which is necessary to effectuate the policy of title 11 and title 28, as expressed in the Code and Rules. Whatever authority is vested in the United States Trustee to promulgate regulations to carry out its statutory mandate under 28 U.S.C. Section 586 to monitor and supervise the administration of cases is limited by the reasonableness standard of Bankruptcy Rule X–1007, the duties of the debtor/debtor-in-possession as set forth in the Code, and the legislative history. Moreover, the statutory duty of the United States Trustee to supervise and monitor the administration of cases in no way suggests that the requirements promulgated by the United States Trustee are immune from scrutiny by the courts. The enactment of the United States Trustee program did not operate to eviscerate the power and duty of the judiciary to determine whether a failure to comply with the United States Trustee requirements constitutes "cause" sufficient to dismiss or convert a pending case. For such a failure to constitute "cause" to dismiss or convert it must appear that the requirement is a reasonable one. If it is held to be a reasonable requirement, then debtor's violation may be considered, in connection with other factors to determine whether "cause" to dismiss or convert exists.

### Reasonableness of the Requirements

11 U.S.C. Section 1107 states that the duties of a Chapter 11 debtor-in-possession are those set forth for a Chapter 11 Trustee under 11 U.S.C. Section 1106(a)(1), (5), (6) and (7).[2] Section 1106(a)(1) incorporates as duties of the Trustee the provisions of 11 U.S.C. Section 704(2), (5), (7), (8) and (9). These provisions require in relevant part:

"The trustee shall—

(2) be accountable for all property received;

(5) if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charge with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee."

Although the obligations placed on the debtor-in-possession by virtue of Section 704(7) and (8) appear to be open-ended, subject only to a request by the United

---

**2.** 11 U.S.C. Section 1106(a)(5), (6) and (7) provide that "A trustee shall—

(5) as soon as practicable, file a plan ...
(6) for any year for which the debtor has not filed a tax return required by law, furnish ...

such information as may be required by the governmental unit with which such tax return was to be filed ...

States Trustee,[3] they are not as open-ended as they would appear. Bankruptcy Rule X–1007(b) provides that:

"(b) DUTY TO FURNISH INFORMATION TO, AND COOPERATE WITH UNITED STATES TRUSTEE. The trustee or debtor in possession shall cooperate with the United States trustee by *furnishing such information as the United States trustee may reasonably require* in supervising the administration of the estate.

The trustee or debtor in possession in a chapter 11 reorganization case, and the debtor in a chapter 13 individual's debt adjustment case when the debtor is engaged in business, shall *furnish the United States trustee and file with the clerk regular reports of operation as the United States trustee may reasonably require.*" (Emphasis added).

■ Clearly the Code and the Rules recognized as a general proposition that certain reports and information must be provided to the United States Trustee,[4] but the scope and frequency of such reports is limited by a requirement of reasonableness.[5] I am unaware of any precedent ruling on the reasonableness of any United States Trustee requirements.[6] I hold that whether any requirement of the United States Trustee is reasonable must be determined judicially, and not administratively, on a case-by-case basis. This will doubtless result in some lack of strict uniformity in what degree of reporting is required of debtors. However, the vast diversity of this country and of the debtors who seek relief under Chapter 11 mandate an approach tailored to the needs of the particular case. Such a case-by-case analysis is consistent with the legislative history of the United States Trustee program which contemplated a diverse and decentralized system sensitive to the needs of the particular case and the locality in which the United States Trustee is operating. Some of the factors to be employed in making this determination are:

1) The size of the Chapter 11 business.

2) The amount and nature of the debts owed.

3) The number and sophistication of the creditors of the estate.

4) The existence of sufficient staff in the debtor's business to generate the re-

---

(7) after confirmation of a plan, file such reports as are necessary or as the court orders."

**3.** "Party in interest" includes United States Trustee, 11 U.S.C. Section 1109(b), who may appear and be heard on any issue. 11 U.S.C. Section 307.

**4.** See 11 U.S.C. Section 521(3) and (4) which require the Debtor to "... cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title" and "... surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate ..."

**5.** See *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 358, 93 L.Ed.2d 216 (1986), holding that "in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy"; *Government of Virgin Islands v. Berry*, 604 F.2d 221, 225 (3rd Cir. 1979): "All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter." quoting *United States v. Kirby*, 74 U.S. (7 Wall.) 482, 486–87,. 19 L.Ed. 278 (1868).

**6.** *In re Pappas*, 17 B.R. 662, 668 (Bankr.D.Mass. 1982) concerned itself not with the reasonableness of the requirement *per se* but dismissed a case for bad faith and inability to formulate a plan when debtor had been dilatory and admitted keeping no records of his business operations; *In re Cohoes Industrial Terminal, Inc.*, 65 B.R. 918, (Bankr.S.D.N.Y.1986) held that failure to comply with United States Trustee operating guidelines is sufficient cause for appointment of trustee rather than conversion. Further reasons in addition to violation of the guidelines were failure to file schedules of assets and liabilities, lack of insurance, failure to pay rent, failure to propose a plan and inability to effectuate a plan; *Matter of Denrose Diamond*, 49 B.R. 754, 759 (Bankr.S.D.N.Y.1985): "Though Debtor's postpetition financials fail to satisfy the U.S.T.'s guidelines, no authority for converting a case on the basis of unsatisfactory financial records alone has been called to our attention. In the cases where the court conversion was ordered in the absence of monthly statements, other grounds for conversion existed."

port sought and the required format for the report.

5) The timing and frequency which the United States Trustee seeks to obtain the necessary information.

6) The underlying causes of the filing of the Chapter 11.

7) The nature of the debtor's anticipated plan for reorganization.

8) The purpose to be served by each requirement as applied to the specific case.

9) Whether the information sought is duplicative of other information available to the United States Trustee and creditors by reference to the debtor's petition, schedules or disclosure statement.

As applied to the facts in this case, Debtor operates a "Mom and Pop" style retail pharmacy, employing fewer than three full-time employees. His scheduled debts as of the date of filing this case amounted to $29,236.76 secured and $87,287.22 unsecured. Clearly, the imposition of requirements as onerous as those which would be necessary in a multi-million dollar business Chapter 11 case are both unnecessary and unwarranted in a case such as this, where Debtor's business is so small that he could have filed under Chapter 13 had he chosen to do so. Because of the reasons for his erratic cash flow, he would likely have had a difficult time demonstrating that he is an "individual with regular income" as contemplated by 11 U.S.C. Section 109(e). However, he qualifies as an eligible debtor under Chapter 11 as well as Chapter 13. *In re Moog*, 774 F.2d 1073 (11th Cir., 1985). For this Court to approve *carte blanche* of identical United States Trustee requirements in all cases would be an abdication of judicial responsibility and would serve to close off meaningful access to the Courts and to the relief provisions of Chapter 11 that Congress clearly intended for small businesses such as this to have. Rather than assisting debtors in reorganizing as Congress intended, unchecked United States Trustee requirements could frustrate Congressional intentions by torpedoing reorganization efforts with onerous pa-

perwork. The promise of a "fresh start" and the guarantee of a reasonable "breathing spell" in which to analyze the debtor's problems and formulate solutions will not be short-cut by administrative decisions that debtors must produce more, at an earlier stage in the case, than Congress required.

*Application of the Standards*

■ In this case the United States Trustee established that Debtor has failed to maintain bank accounts and is operating instead on a cash basis. I hold that basic accountability of the debtor-in-possession reasonably requires the establishment of bank accounts as required by the United States Trustee pursuant to 11 U.S.C. Section 704(2) and Bankruptcy Rule X–1007(b). The Debtor was verbally ordered by this Court on *October 13* to establish such accounts *instanter* and said order is hereby memorialized in writing. I do not rule on the question of whether the printed checks of the account must bear the words "Debtor in Possession" as required by United States Trustee requirement number 4.

The United States Trustee also established that Debtor had failed to file an inventory (requirement number 6), had failed to provide proof of insurance on the contents of his business (requirement number 5), had failed to file the United States Trustee "real estate questionaire", had failed to file a Business Planning Statement (requirement number 17), and had filed his monthly operating statements on the morning of the hearing (requirement number 8).

■ I hold that United States Trustee requirement number 8 that this Debtor file a monthly operating report showing receipts, disbursements, and accounts payable is reasonable under Bankruptcy Rule X–1007(b) and 11 U.S.C. Section 704(7). In the case *sub judicio* the Debtor filed those reports on the morning of the hearing. Although there is authority for dismissing for cause where debtor did not file until the morning of the hearing, [See *In re Brauer*, 80 B.R. 903 (N.D.Ill.1987)] I will not convert the case at this time for his prior

failure to do so unless the accuracy and sufficiency of the reports is challenged by the United States Trustee. The Debtor is forewarned that his repeated, tardy filing of monthly reports borders on abuse of the Bankruptcy Code and will not be further tolerated. The Debtor is ORDERED to fulfill this obligation in a timely fashion.

■ Debtor has also violated United States Trustee requirements 5 and 6 by failing to provide a physical inventory of his business and provide proof of insurance. With respect to this Debtor, any requirement for preparing and filing an inventory is governed by Bankruptcy Rule 2015(a)(1) which provides:

"A trustee or debtor in possession shall—

(1) in a chapter 7 liquidation case and, *if the court directs*, in a chapter 11 reorganization case file a complete inventory of the property of the debtor within 30 days after qualifying as a trustee or debtor in possession, unless such inventory has already been filed;" (Emphasis added).

Neither the United States Trustee nor any creditor has demonstrated a reason why this Debtor, staffed as he is and with a limited inventory which can be visually inspected at any time, should be forced to stop and do a physical inventory of his business. There is no cash collateral use issue before me or any other matter which demands that the Debtor undertake this burdensome work at this point in time. Accordingly, the Court will not direct the preparation of an inventory and at this time the failure to comply with the United States Trustee requirement does not constitute "cause" to convert.

As to proof of insurance, it appears that the Court has authorized Debtor's landlord to obtain liability insurance and bill the monthly cost to Debtor. The landlord already has the building insured against all risk of loss. The Debtor does not appear to have the requisite three or more employees for whom workers compensation insurance must be provided (O.C.G.A. § 34–9–2) and no business vehicles. I find that products coverage is not necessary in this case. Therefore, the Debtor's failure to provide the United States Trustee with proof of insurance has not been shown to constitute cause for conversion.

■ Requirement number 17 requires Debtor to file a Business Planning Statement which Debtor has failed to do. In a case such as this one, such a statement is unreasonable because it is burdensome or duplicative of information which Debtor has or will provide in his Disclosure Statement required by 11 U.S.C. Section 1125 and I will not convert the case on this ground. While that requirement may be useful to the United States Trustee and debtors may find compliance to be a useful tool in preparation for their appearance at creditors meetings, failure to comply in this case has not been shown to violate the letter or spirit of the Code and Rules and does not constitute cause for conversion.[7]

Accordingly, IT IS THE ORDER OF THIS COURT that the Motion to Convert is denied on an interim basis. A continued hearing on the Motion to Determine Debtor's Compliance with this Order will be held on

Friday, December 2, 1988

11:00 o'clock a.m.

Bankruptcy Courtroom, Second Floor

United States Courthouse

Savannah, Georgia

---

**7.** While I have ruled that certain of the United States Trustee requirements are unreasonable burdens on this debtor, or if reasonable, constitute insufficient cause to convert this case, Debtor's counsel should not read too much into this order. Just as I have declined to rule that failure to comply with United States Trustee requirements is *per se* grounds to dismiss or convert, I do not imply that the same requirement would not support dismissal or conversion in another context. The United States Trustee performs a useful, even critical role in Chapter 11 cases. When their requirements are judicially determined to be reasonable, failure to comply will not only constitute grounds to dismiss or convert, but in appropriate cases if debtor's failure to comply is obstructionist or unreasonable, an award of sanctions may well be ordered under Bankruptcy Rule 9011 and 28 U.S.C. Section 1927.

APPENDIX A

# OFFICE OF THE
# UNITED STATES TRUSTEE
# NORTHERN DISTRICT OF GEORGIA

1418 Richard Russell Building
Atlanta, Georgia 30303
(404) 331-4437
(FAX) 331-4464

## NOTICE OF UNITED STATES TRUSTEE'S
## OPERATING GUIDELINES
## AND
## REPORTING REQUIREMENTS
## FOR
## DEBTORS IN POSSESSION AND TRUSTEES

TO: Debtors, their Counsel, and Chapter 11 Trustees

Section 586(a)(3) of Title 28 of the United States Code provides that the United States Trustee shall supervise the administration of Chapter 11 cases within this district. Bankruptcy Rules X-1008 and X-1009 require Debtors and their counsel to keep the United States Trustee apprised of significant matters affecting the case at all times. You must ensure that the U.S. Trustee is served with copies of all papers filed in the case except as may be delineated in the Court's Local Rules. The U.S. Trustee for Region 21, therefore, has promulgated the following requirements for Debtors in Chapter 11 cases.

Unless you are specifically directed otherwise, communications to or documents to be served upon the U.S. Trustee should be directed to the attention of the Assistant U.S. Trustee in charge of the office for your district. The address and telephone number are shown above.

Under no conditions, absent a Court Order to the contrary, should any pre-petition obligations be paid. Additionally, no assets may be sold or disposed of, other than in the ordinary course of business, without specific authorization of the Court.

Timely compliance with the following requirements is **mandatory.** Failure to comply with any requirement may result in the U.S. Trustee or other parties moving to dismiss your case, for the appointment of a trustee or examiner, or the imposition of other sanctions.

Any request for variation of any requirement must be made in writing to the Office of the U.S. Trustee for your district.

## REQUIREMENTS:

1. **LIST OF CREDITORS:** At the time the petition is filed, a list of the Debtor's twenty (20) largest unsecured creditors, excluding insiders, must be filed with the Clerk of the Bankruptcy Court. The complete name, address, and telephone number of each creditor must be included.

2. **MEETING WITH THE U.S. TRUSTEE AND NOTICE OF OPERATING REQUIREMENTS:** Upon filing of the Chapter 11 case, the U.S. Trustee will provide the Debtor and its counsel with a copy of these guidelines. The U.S. Trustee will meet with the Debtor and Debtor's counsel to discuss any questions that they may have, upon their request. Also, the U.S. Trustee may request a meeting with the Debtor and its counsel. In a complex case it is helpful for the Debtor and its counsel to meet with the U.S. Trustee prior to the first meeting of creditors (341 Meeting).

**3.** **BOOKS AND RECORDS:** The Debtor's books and records must be closed as of the date of filing of the petition. The Debtor must immediately open a new set of books and records which will enable the Debtor to provide information required by the U.S. Trustee under these guidelines.

**4.** **BANK ACCOUNTS:**

Any bank account over which the Debtor has possession or control at the time of filing must be closed immediately upon the filing of the petition. The Debtor shall immediately open general, payroll, and tax accounts. All three accounts must be opened and the checks for each must bear the words "Debtor In Possession" and the bankruptcy case number. If the Debtor uses "cash collateral", separate "cash collateral" accounts may be required. Each account must be fully F.D.I.C. or F.S.L.I.C. insured. The U.S. Trustee reserves the right to approve depositories.

Within ten (10) days of filing the petition, the Debtor shall provide the U.S. Trustee a sworn statement verifying the closing of all pre-petition bank accounts and describing the accounts closed by depository name, account number, and account name. The statement shall also disclose the depositories, account numbers, and account names of the new accounts.

**5.** **PROOF OF INSURANCE COVERAGE:** Within ten (10) days of the filing of the petition, the Debtor shall provide the U.S. Trustee with proof of insurance coverages required by these guidelines. The Debtor shall notify each insurance carrier to place the words "Debtor In Possession" after the Debtor's name on each policy. Upon expiration or other termination of any coverage, the Debtor shall immediately provide the U.S. Trustee with adequate proof of replacement coverage. The Debtor shall maintain at least the following coverages, where appropriate:

 a. General comprehensive liability;
 b. Fire and theft;
 c. Workers' compensation;
 d. Vehicle;
 e. Product liability;
 f. Other coverages customary or prudent in the Debtor's business.

**6.** **PHYSICAL INVENTORY:** Within thirty (30) days of filing the petition, the Debtor shall provide the U.S. Trustee with a physical inventory as of the date of the filing of the petition. The inventory shall indicate itemized values at cost.

**7.** **RECORDING OF COPY OF CHAPTER 11 PETITION:** Within thirty (30) days of filing the petition, the Debtor or its counsel shall provide the U.S. Trustee with proof of the Debtor's compliance with the requirements of Bankruptcy Rule 2015(a)(5).

**8.** **MONTHLY REPORTS:** The Debtor shall file an original monthly report with the Clerk of the Bankruptcy Court, and shall serve a copy upon the U.S. Trustee. The monthly reports must be in the form specified in the Appendix to these guidelines. Monthly reports are to be on a calendar month basis, and filed by the twentieth (20th) day of the month following the month reported on, or by such other time as the U.S. Trustee may set. Cash receipts and disbursements for all accounts over which the Debtor has possession or control must be shown in the monthly reports. Additional financial information may be required by the U.S. Trustee.

**9.** **TAXES:**

A. The Debtor shall file returns for, **but not pay**, all pre-petition taxes, including sales taxes, within thirty (30) days of the date of filing of the petition. A copy of each return shall be served on the U.S. Trustee.

B. Upon the payment of any payroll, the Debtor shall deposit to the Debtor's tax account sufficient funds to pay any liability associated with the payroll. Federal taxes shall be paid from the tax account, accompanied by federal tax deposit coupons, as required by law. State and local taxes shall also be paid from the tax account. Sales taxes shall be deposited to the tax account weekly. All tax returns and reports for post-petition obligations shall be timely filed, and

accompanied by payment in full of any liability. A copy of each return, and verification of payment of taxes due shall be served on the U.S. Trustee.

**10. EMPLOYMENT OF PRINCIPALS AND PROFESSIONALS:** A copy of any application for employment or compensation of a professional (including, but not limited to lawyers, accountants, appraisers, and auctioneers) shall be served upon the U.S. Trustee. Applications for employment of such persons must be submitted prior to the rendering of any services by such person to the Debtor.

The Debtor shall provide the following information regarding employment and compensation of its principals: the name and position of the individual employed; a detailed description of the duties and responsibilities of each such person; the reasons why employment of the individual is necessary to the successful reorganization of the Debtor; details of the compensation sought for each such individual; details of any other benefits or consideration to be received by each such person, including but not limited to use of vehicles, expense reimbursements, insurance, and pension or profit sharing; each individual's salary history for the year immediately preceding the filing of the petition; and all prerequisites for employment.

**11. PRE-PETITION FINANCIAL STATEMENTS:** Within ten (10) days of the filing of the petition, the Debtor shall provide the U.S. Trustee copies of the Debtor's most recent audited and unaudited financial statements. The U.S. Trustee may also request projected operating statements.

**12. POST-PETITION FINANCING:**
 A. **APPLICATIONS FOR APPROVAL OF CASH COLLATERAL AGREEMENTS:** The Debtor may not use cash collateral without the consent of the secured creditor or the approval of the Court (11 U.S.C. 363(c)(2)). "Cash collateral" is defined by 11 U.S.C. 363 as cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the Debtor and an entity other than the Debtor have an interest. Any application for use of cash collateral must be filed with the Clerk of the Bankruptcy Court, with a copy served upon the U.S. Trustee.

 B. **OBTAINING CREDIT:** A Debtor may not obtain credit or incur secured or unsecured debt other than in the ordinary course of business without the approval of the Court. Any application to the Court to incur debt must be filed with the Clerk of the Bankruptcy Court, with a copy served upon the U.S. Trustee.

**13. USE, SALE, OR LEASE OF PROPERTY OF THE ESTATE:** The Debtor must obtain approval of the Court to use, sell, or lease property of the estate, except in the ordinary and usual course of business. The Debtor must file any application for use, sale, or lease of property of the estate with the Clerk of the Bankruptcy Court and serve a copy upon the U.S. Trustee.

**14. QUARTERLY FEES:** Debtors in Chapter 11 must pay a quarterly fee during the time between the filing of the case and the dismissal, confirmation, or conversion of the case. The fee is due in every case filed under the Bankruptcy Code of 1978. Any operation during a quarter requires payment of the fee for that quarter.

The Debtor is responsible for payment of quarterly fees. The amount of the quarterly fee depends upon the amount of the Debtor's disbursements during each calendar quarter and is calculated according to the following table

| TOTAL QUARTERLY DISBURSEMENTS | | | QUARTERLY FEE |
|---|---|---|---|
| $ 0.00 | to | $ 14,999.99 | $ 150.00 |
| 15,000.00 | to | 149,999.99 | 300.00 |
| 150,000.00 | to | 299,999.99 | 750.00 |
| 300,000.00 | to | 3,999,999.99 | 2,250.00 |
| 3,000,000.00 | or more | | 3,000.00 |

**$150.00 is due even if there are no disbursements.**

Quarterly fees are due no later than one month following the end of each calendar quarter. Failure to pay quarterly fees may result in the dismissal of the case. Payment of the final quarter's fees and any fees unpaid from prior quarters must be made before the effective date of the plan.

Quarterly fees should be mailed **with the proper transmittal form** to:

> United States Trustees
> P.O. Box 198246
> Atlanta, Georgia 30384

If you do not have the proper form, or do not timely receive a bill for quarterly fees from the Executive Office for United States Trustees, contact the Office of the U.S. Trustee in your district immediately. **The address given above is a lockbox at a bank. It may not be used for service of process, correspondence, or any purpose other than payment of quarterly fees.** Quarterly fees are not to be paid directly to the Office of the U.S. Trustee, unless the Debtor is specifically instructed to do so by the U.S. Trustee.

**15. CHANGE OF ADDRESS:** It is the responsibility of the Debtor to notify the U.S. Trustee and the Bankruptcy Court of any change of address or telephone number within ten (10) days of the change. Notice to the Clerk and the U.S. Trustee must be written. Failure to notify the Clerk and U.S. Trustee of such changes may result in action in the case of which the Debtor may not be aware.

**16. ADDITIONAL NOTICE REQUIREMENTS:** The U.S. Trustee must be advised immediately of any significant change in the Debtor's business. Significant changes include, but are not limited to, changes in insurance coverage, proposed payment of pre-petition obligations, or allegations of violations of laws, ordinances, or regulations, including but not limited to the failure to pay taxes, which could affect the continued operation of the debtor's business.

**17. BUSINESS PLANNING STATEMENT:** Within thirty (30) days of the filing of the petition the Debtor must provide to the U.S. Trustee a narrative statement describing:
 A. How the Debtor's affairs deteriorated to the point that the Debtor was forced to seek protection in the Bankruptcy Court, and;
 B. The Debtor's expectations regarding the continued operation and recovery or liquidation of its business under Chapter 11 or other provisions of Bankruptcy Law.

**18. INITIAL FILING REQUIREMENTS CHECKLIST:** The following is a general summary of the requirements imposed upon the Debtor after filing a petition:

A. **Within ten (10) days:**
 1. Submit proof of the following insurance coverages, if applicable:
 a. General comprehensive liability;
 b. Fire and theft;
 c. Workers' compensation
 d. Vehicle;
 e. Product liability;
 f. Other as may be customary in the Debtor's business.

 2. Submit proof of closing old and opening new bank accounts.

 3. Provide to the U.S. Trustee copies of the Debtor's recent audited and unaudited financial statements.

B. **Within thirty (30) days provide to the U.S. Trustee:**

 1. Copies of tax returns.

2. The Business Planning Statement.

3. Proof of recording petition in County Courts.

4. A physical inventory.

C. **Upon filing with the Court** the Debtor shall serve on the U.S. Trustee copies of any documents relating to the administration of the Debtor's affairs, including, but not limited to:
 1. Applications to use, sell or lease property;
 2. Applications to obtain credit;
 3. Applications to employ or compensate professionals;
 4. Applications or proposed orders for extension of any time periods;
 5. Any pleadings, motions, applications, or motions filed by the Debtor.

Unless the Debtor is instructed otherwise by the United States Trustee, the Assistant U.S. Trustee for this district, whose address and telephone number are given on the first page of these guidelines, is authorized to act for the U.S. Trustee and the Debtor should submit all documents and reports required hereunder, and direct any communication for the U.S. Trustee to the Assistant U.S. Trustee for this district.

The U.S. Trustee reserves the right to revise, modify, or amend these guidelines and requirements from time to time, and as is appropriate in an individual case. Comments or suggestions regarding these guidelines or other policies and procedures of the Office of The United States Trustee are sought and appreciated, and should be directed to the U.S. Trustee at the address below.

Robert L. Coley
United States Trustee
Region 21
1418 Richard Russell Bldg.
75 Spring St., S.W.
Atlanta, Georgia 30303
(404) 331-4437

# OFFICE OF THE
# UNITED STATES TRUSTEE
# CHAPTER 11
# OPERATING GUIDELINES

# APPENDIX OF FORMS

THE REQUIRED REPORTS SHOULD BE STAPLED
TOGETHER, IN ORDER, AND FILED WITH THE
COVER SHEET SHOWING THE NAME, ADDRESS,
AND TELEPHONE NUMBER OF THE DEBTOR'S
ATTORNEY. REPORTS NOT ACCOMPANIED BY
THE COVER SHEET WILL NOT BE ACCEPTED.

01-8

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
_____ DIVISION

IN RE:

I CASE NUMBER
I
I _____
I
I JUDGE _____
I
I CHAPTER 11
I

DEBTOR'S PERIODIC FINANCIAL REPORTS

FOR THE PERIOD

FROM _____ TO _____

 Comes now the above-named Debtor and files its Periodic Financial
Reports in accordance with the Guidelines established by the United States
Trustee, and Bankruptcy Rule 2015.

_____
Attorney for Debtor

Attorney's Address
and phone number:

93 B.R.—19

## MONTHLY CHAPTER 11 OPERATING REPORT

### FOR THE PERIOD BEGINNING _____ AND ENDING _____

Name of Debtor: _____ Case Number: _____

1. Balance from preceding accounting (if first report, use opening balance)

2. Income:
 A. Sales _____
 B. Collection of Accounts Receivable _____
 Pre-petition A/R = _____
 C. Borrowings By Debtor _____
 D. Other Income (describe on attachment) _____
 E. Less Allowance for returns, discounts, etc. _____

3. Total Income Available (Add lines 1 through 2D and subtract 2E) _____

4. Expenses:
 A. U.S. Trustee Quarterly Fees _____
 B. Purchases of Inventory _____
 C. Net Payroll _____
 D. Payroll Taxes (attach copies of receipts) _____
 E. Rent _____
 F. Other Leases (detail on attachment) _____
 G. Telephone _____
 H. Electricity _____
 I. Other Utilities _____
 J. Sales Taxes _____
 K. Other Taxes (detail on attachment) _____
 L. Travel and Entertainment _____
 M. Automobile or Vehicle Expenses _____
 N. Service Charges _____
 O. Vehicle Insurance _____
 P. Life and Health Insurance _____
 Q. Other Insurance _____
 R. Supplies _____
 S. Freight _____
 T. Advertising _____
 U. Repairs and Maintenance _____
 V. Payments to Secured Creditors _____
 W. Other Expenses (detail on attachment) _____

5. TOTAL EXPENSES _____

6. PROFIT OR (LOSS) - (Subtract line 5 from line 3) _____
 (to be carried forward to next report)

I declare under penalty of perjury that this statement and the accompanying documentation and reports are true and correct to the best of my knowledge and belief.

This _____ day of _____, 19 _____.

_____ / _____
Signature Title
Print Name: _____ Telephone Number: _____

01-10

## ATTACHMENT 1

### MONTHLY ACCOUNTS RECEIVABLE AGING AND RECONCILIATION

Name of Debtor: _____ Case Number : _____

Reporting Period beginning _____ and ending _____.

AGING: (show the total amount for each age group of accounts incurred since filing petition)

| 0-30 Days | 31-60 Days | 61-90 Days | 91 Days & Over | Total |
|-----------|------------|------------|----------------|-------|

ACCOUNTS RECEIVABLE RECONCILIATION:

| | |
|---|---|
| Beginning of Month Balance | _____ |
| Current Balance | _____ |
| Collection During Month | _____ |
| End of Month Balance | _____ |

# ATTACHMENT 2

## MONTHLY ACCOUNTS PAYABLE REPORT

Name of Debtor: _____ Case Number : _____·_____

Reporting Period beginning _____ and ending _____

In the space below list all invoices or bills received and not paid since the filing of the petition which have not been previously paid. Do not include amounts owed prior to filing the petition.

CURRENT MONTH

DATE INCURRED NAME OF VENDOR · DESCRIPTION AMOUNT

TOTAL NEW INDEBTEDNESS (enter here and on line 4 below) _____

ACCOUNTS PAYABLE RECONCILIATION:

1. Opening Balance (total from prior report) _____
2. Amount Paid on Prior Accounts Payable _____
3. Balance (subtract line 2 from line 1) _____
4. Total New Indebtedness Incurred This Month _____
5. Closing Balance (add lines 3 and 4) _____

01-12

## ATTACHMENT 3

### STATUS OF PAYMENTS TO SECURED CREDITORS
### AND LESSORS (POST PETITION ONLY)

Name of Debtor:_____ Case Number:_____

Reporting Period beginning _____ and ending _____

| Creditor/ Lessor | Date Payment Due | Payment Amount | Number of Post Petition Payments Delinquent | Total Amount of Post Petition Payments Delinquent |
|---|---|---|---|---|
| | | | | |

# ATTACHMENT 4

### MONTHLY BANK ACCOUNT RECONCILIATION

### A SEPARATE SHEET IS REQUIRED FOR EACH ACCOUNT

Name of Debtor: _____ Case Number : _____

Reporting Period beginning _____ and ending _____

NAME OF BANK: _____ BRANCH: _____

ACCOUNT NAME: _____

ACCOUNT NUMBER: _____

PURPOSE OF ACCOUNT: _____

 Opening Balance _____
 Total of Checks Written _____
 Total of Deposits Made _____
 Service Charges _____
 Closing Balance _____

 Check Number of First Check Written This Period _____
 Check Number of Last Check Written This Period _____

 Total Number of Checks Written This Period _____

CHECKS VOIDED, LOST, OR PAYMENT STOPPED:

Check Number Disposition and Reason

01-14

# ATTACHMENT 5

## CHECK REGISTER

Name of Debtor: _____ Case Number : _____

Reporting Period beginning _____ and ending _____

NAME OF BANK: _____ BRANCH: _____

ACCOUNT NAME: _____

ACCOUNT NUMBER: _____

PURPOSE OF ACCOUNT: _____

Account for All Check Numbers Including Voided, Lost, Stopped Payment, etc.

| Date | Check Number | Payee | Purpose | Amount |
|------|--------------|-------|---------|--------|

## ATTACHMENT 6

### MONTHLY TAX REPORT

Name of Debtor: _____ Case Number : _____

Reporting Period beginning _____ and ending _____

#### PAYROLL TAX DEPOSITS

Date Bank Description Amount

Report all payroll taxes including withholding and employer's portion of Social Security.

#### DEPOSITS OF OTHER TAXES

Date Bank Description Amount

_____ _____ _____
Signature Position Date

01-16

# ATTACHMENT 7

## SUMMARY OF OFFICER OR OWNER COMPENSATION

## SUMMARY OF PERSONNEL AND INSURANCE CHANGES

Name of Debtor: _____ Case Number : _____

Reporting Period beginning _____ and ending _____

Report all compensation received during the month. Do not include reimbursement for expenses incurred for which you have receipts.

Name of Officer or Owner _____ Title _____ Compensation

---

## PERSONNEL REPORT

| | Full Time | Part Time |
|---|---|---|
| Total number of employees at beginning of period | | |
| Number hired during the period | | |
| Number terminated or resigned during period | | |
| Total number of employees on payroll at period end | | |

---

## CONFIRMATION OF INSURANCE

List all policies of insurance in effect, including but not limited to workers' compensation, liability, fire, theft, comprehensive, vehicle, health, and life.

Carrier _____ Policy Number _____ Coverage Type _____ Expiration Date

## CHAPTER 11 MONTHLY REPORT FOR INDIVIDUAL DEBTORS

Name of Debtor: _____ Case Number: _____

Reporting Period beginning _____ and ending _____

All items must be answered. Any which do not apply should be answered "none" or "N/A"

1. Cash on Hand _____

2. Income or Receipts during reporting period:
 a. Salary and commissions _____
 b. Interest or dividends _____
 c. Rent _____
 d. Other (detail on attachment) _____

 Total Income or Receipts _____

3. Disbursements:
 a. U.S. Trustee Quarterly Fees _____
 b. Federal taxes _____
 c. State taxes _____
 d. Other taxes _____
 e. Utilities _____
 f. Mortgage and rent _____
 g. Insurance premiums _____
 h. Food _____
 i. Medical/Dental _____
 j. Loan payments _____
 k. Transportation _____
 l. Clothing _____
 m. Gifts and donations _____
 n. Tuition/Education _____
 o. Other _____

 Total Disbursements _____

4. Balance at end of reporting period
 (add line 1 to "Total Income or Receipts, then
 (subtract Total Disbursements) _____

5. Are you paying all of your bills as they come due? If not, list on a separate piece of paper those bills which have come due during the reporting period which have not been paid, and attach that list.

6. Have you paid all insurance premiums which have come due during this reporting period? If not, list the ones not paid on a separate piece of paper, and attach that list.

7. On a separate piece of paper list each bank account that you have, giving the account number, the name the account is in, the name of the bank, and the name of the branch where the account was opened, and attach that list.

 I have examined this report and that it is true, to the best of my knowledge and belief.

_____ _____
Signature of Debtor Date