**In the Matter of George JOHNSON and Dorothy Johnson, Debtors.**

**Bankruptcy No. BK89–40146.**

United States Bankruptcy Court,
D. Nebraska.

Sept. 28, 1989.

Geraldine Clanton, Omaha, Neb., U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

The United States Trustee ("U.S.T.") has requested reconsideration (Fil. # 32) of my Order of May 10, 1989 (Fil. # 31) denying the Trustee's Application for Order Directing Debtor to Imprint Checks with "Debtor In Possession" and Bankruptcy Case Number (Fil. # 23). Such imprinting is required by the Trustee's Guidelines.

The motion for reconsideration is granted. However, for the reasons stated herein, the court concludes that its May 10, 1989 order denying the U.S.T.'s Application for Order Directing Debtors to Imprint Checks with "Debtor In Possession" and Bankruptcy Case Number should not be altered.

## FACTS

Debtors, George and Dorothy Johnson filed Chapter 11 bankruptcy on February 10, 1989. Shortly thereafter, the U.S.T. informed the debtors of the U.S.T.'s Guidelines for Debtors–In–Possession, instructed the debtors to immediately close all existing bank accounts, to establish separate debtor-in-possession bank accounts, and to have the phrase "debtor-in-possession" and the bankruptcy case number imprinted on the face of the checks for the new debtor-in-possession account.

Debtors subsequently opened a new checking account in the name of George and Dorothy Johnson. However, at the § 341 meeting in this matter, debtors informed the U.S.T. that debtors refused to have the phrase "debtor-in-possession" and the bankruptcy case number imprinted on the face of their checks. Upon debtors' failure to follow the U.S.T.'s Guidelines, the U.S.T. filed the application for order directing the debtors to imprint their checks with "debtor-in-possession" and the bankruptcy case number. After a hearing, the court denied the application.

At the hearing on the U.S.T.'s original application, debtors asserted that imprinting "debtor-in-possession" on the face of debtors' checks would create a "stigma of bankruptcy" against the debtors. Further, debtors argued that imprinting the phrase on their checks would interfere with their ability to reorganize. Debtors asserted that the phrase "debtor-in-possession" on the face of their checks would cause the public to hesitate or refuse to accept their checks.

The U.S.T. argued that debtors should be compelled to imprint the phrase "debtor-in-possession" and bankruptcy case number on their checks for two reasons. First, the U.S.T. asserted that debtors should be required to comply with the U.S.T.'s Guidelines which direct debtors to imprint the material on their checks. The U.S.T. stated that 28 U.S.C. § 586(a) imposes on the U.S.T. a statutory duty to administer and

monitor bankruptcy cases. The U.S.T. contends that the Guidelines were promulgated pursuant to this authority and that debtors are required to cooperate with the U.S.T. under Bankruptcy Rule X–1007. Second, the U.S.T. asserted that reasons exist independent of the Guidelines to require debtors to imprint "debtor-in-possession" and bankruptcy case number on their checks. The U.S.T. argued that imprinting "debtor-in-possession" on debtors' checks will provide banks and third parties with knowledge of the pending bankruptcy case. The U.S.T. contends that this knowledge will enable the banks and third parties to act in accordance with bankruptcy rules and regulations governing their actions.

## DISCUSSION

Two related issues are presented in this case. First, should the debtor-in-possession be ordered to imprint the checks because the Guidelines of the U.S. Trustee require imprinting? Second, should the debtor-in-possession be required to imprint checks for other reasons?

■ I conclude that debtors, George and Dorothy Johnson should not be required to imprint "debtor-in-possession" and their bankruptcy case number on their checks.

■ The U.S.T. argues that debtors should be required to follow the Guidelines because the Guidelines were promulgated pursuant to the U.S.T.'s authority under § 586(a) to monitor bankruptcy cases. I conclude, however, that the Guidelines themselves cannot require bankruptcy debtors to comply with their provisions because the Guidelines do not carry the force or effect of law. The Guidelines do not constitute laws of the United States and they are not legally binding on bankruptcy debtors. Congress has the authority to delegate rule-making authority to third parties or agencies, and such delegation is strictly construed. *See Industrial Union Department, AFL–CIO v. American Petroleum Institute*, 448 U.S. 607, 100 S.Ct. 2844, 65 L.Ed.2d 1010 (1980); *Addison v. Holly Fruit Products, Inc.*, 322 U.S. 607, 64 S.Ct. 1215, 88 L.Ed. 1488 (1944). Congress has not expressly delegated rule-making authority to the Office of the U.S.T. Although § 586(a) sets forth duties of the U.S.T., and grants the U.S.T. certain powers, none of the sections of § 586 authorize the U.S.T. to promulgate rules or impose substantive or administrative requirements on bankruptcy debtors. *See* 28 U.S.C. § 586; *In re Crosby*, 93 B.R. 798, 802 (Bkrtcy.S.D.Ga.1988). Further, bankruptcy courts which have addressed certain requirements under the U.S.T.'s Guidelines have not treated the Guidelines as controlling. *See, e.g., In re Crosby*, 93 B.R. at 805 ("Rather than assisting debtors in reorganizing as Congress intended, unchecked United States Trustee requirements could frustrate Congressional intentions by torpedoing reorganization efforts with onerous paperwork."); *In re Cohoes Industrial Terminal, Inc.*, 65 B.R. 918 (Bkrtcy.S.D.N.Y.1986) (failure to comply with U.S.T.'s Guidelines is not ground for dismissal or conversion); *In re Denrose Diamond*, 49 B.R. 754, 759 (Bkrtcy.S.D.N.Y.1985) ("Though Debtor's post-petition financials fail to satisfy the U.S.T.'s guidelines, no authority for converting a case on the basis of unsatisfactory financial records alone has been called to our attention.") (citing *In re Larmar Estates*, 6 B.R. 933 (E.D. N.Y.1980)); *In re Pappas*, 17 B.R. 662 (Bkrtcy.D.Mass.1982) (cause independent of U.S.T.'s requirements existed to dismiss case). Therefore, if the court is to require debtors to comply with particular provisions of the U.S.T.'s Guidelines, it must be for a reason independent of the Guidelines themselves.

The U.S.T. asserts that reasons exist independent of the Guidelines to require debtors to imprint "debtor-in-possession" on their checks. The U.S.T. argues that such imprinting will provide debtors' bank and third parties knowledge of the bankruptcy case. I conclude that this is insufficient ground on which to require debtors to comply with the U.S.T.'s Guidelines.

Imprinting "debtor-in-possession" on debtors' checks is not required to provide debtors' and third parties with knowledge of debtors' bankruptcy case. First, creditors are required to be listed and scheduled and they receive actual notice of the bank-

ruptcy filing. Second, debtors' bank and third parties have constructive knowledge of the bankruptcy case. Third, debtors' bank and third parties are bound by the bankruptcy laws whether or not they have actual knowledge of the bankruptcy filing. For example, all parties are bound by the automatic stay upon the filing of a bankruptcy case whether or not a party has actual notice of a bankruptcy filing. Fourth, the court must weigh debtors' legitimate interest in opposition to imprinting "debtor-in-possession" on checks against the U.S.T.'s interest in having "debtor-in-possession" imprinted on checks. I conclude that the benefit the U.S.T. may gain is insufficient to compel debtors to imprint the phrase "debtor-in-possession" on their checks. Further, there are less onerous methods by which debtors' bank may be made aware of debtors' bankruptcy case. For instance, the U.S.T. may write appropriate letters to debtors' bank. Therefore, I conclude that debtors should not be required to imprint either "debtor-in-possession" or their bankruptcy case number on their checks.

Although I have concluded that the U.S.T.'s Guidelines do not have the effect of law and that the provision requiring debtors to imprint "debtor-in-possession" on their checks should not be enforced in this case, I nevertheless conclude that Guidelines can serve a useful and beneficial purpose. The Guidelines advise parties of the U.S.T.'s position on numerous issues and they should diminish potential conflicts between the U.S.T., debtors and other parties. Specific provisions of the Guidelines may be upheld and enforced by the court in particular cases. Other provisions of the Guidelines restate existing law. Conduct inconsistent with the Guidelines may be cause for corrective action by the court, not because there has been a failure to comply with the Guidelines, but because the conduct is inconsistent with law.

IT IS HEREBY ORDERED, that

1. Motion for Reconsideration (Fil. # 32) is granted;

2. Upon reconsideration, the court's May 10, 1989 order (Fil. # 31) denying the United States Trustee's Application for Order Directing Debtors to Imprint Checks with "Debtor in Possession" and Bankruptcy Case Number (Fil. # 23) shall not be altered; and

3. Debtors, George and Dorothy Johnson shall not be required to imprint either the phrase "Debtor in Possession" or their bankruptcy case number on their checks.