**In re LANI BIRD, INC., dba Scenic Air Tours, Debtor.**

**Bankruptcy No. 89–00602.**

United States Bankruptcy Court, D. Hawaii.

April 24, 1990.

Jerrold Guben, Honolulu, Hawaii, for plaintiff.

Curtis Ching, Honolulu, Hawaii, for defendant.

## MEMORANDUM DECISION AND ORDER RE: APPLICATION BY ACCOUNTANT FOR APPROVAL OF FEES

JON J. CHINEN, Bankruptcy Judge.

On February 15, 1990, Pannell Kerr Forster ("Applicant"), the accountants for the estate, filed an Application by Accountant for Approval and Confirmation of Interim Compensation and Reimbursement of Expenses ("Application for Compensation"), seeking total fees of $14,239.25. A Request for Hearing on Application for Compensation was filed by the Office of the United States Trustee on February 21, 1990, essentially stating that more detail is required in the submitted time sheets, and that the reports filed herein do not comply with the U.S. Trustee's requirements. A hearing was held on April 11, 1990, at which time the Court took the matter under advisement. The Court, being advised in the premises, now renders this memorandum decision and order.

Debtor argues that accountants should not be held to the same strict standards as attorneys in submission of time sheets to support a fee application. This is clearly incorrect.

An award of fees to an accountant, like an award of fees to an attorney is governed by 11 U.S.C. § 330, which provides in pertinent part:

*§ 330. Compensation of officers.*

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

As noted in *In re American International Airways, Inc.,* 69 B.R. 396 (Bankr.E. D.Pa.1987),

We believe that a consideration of these Code sections provided as a whole estab-

lishes, beyond a doubt, that Congress meant to set the standards for appointment and compensation of *all* professional persons, including attorneys, accountants, and "financial management consultants" the same. Thus, in 11 U.S.C. §§ 327(a), 327(b), 327(d), and 328(b), specific references to "attorneys" and "accountants" are juxtaposed, and it seems quite clear from these provisions that all references to "professional persons" are meant to include, *inter alia*, both attorneys and accountants.

It is therefore not surprising to learn that the courts which have addressed the specific subject of the relationship of applications for compensation by attorneys and accountants have unanimously concluded that "an accountant's application for compensation is reviewed under the same standard applying to attorneys." *In re R & B Institutional Sales, Inc.*, 65 B.R. 876, 884 (Bankr.W.D.Pa.1986). Accord: *In re Affinito & Sons*, 63 B.R. 495, 497 (Bankr.W.D.Pa.1986); and *In re Cumberland Bolt & Screw, Inc.*, 44 B.R. 915, 916 (Bankr.M.D.Tenn.1984). *Cf. In re Daig Corp.*, 48 B.R. 121, 136 (Bankr. D.Minn.1985) (factors established in connection with fee applications of attorneys apply to management consultants as well).

These cases specifically address the contention frequently made by accounting firms (although commendably not by the Movant) that they cannot (and presumably will not) comply with the procedural standards set forth in [*In re*] *Meade Land* [*and Development Co.*], 527 F.2d 280 (3rd Cir.1975), in preparing their fee applications. Unfortunately, our only answer to these firms per the Code requirements, is that, if their assertions that they cannot and will not provide such applications is true, then we cannot and will not grant their applications. (Emphasis in original) (footnote omitted).

Based on the above, the Court denies the Application for Compensation without prejudice. Applicant shall have 30 days to submit revised time sheets clearly showing the services provided and the reasons for their occurrence. If Applicant fails to do so in the time allowed, the Application for Compensation will be denied without further order of the court. The Court reserves for further ruling whether the reports filed herein must comply with the Office of the United States Trustee guidelines. The Court notes, however, that several courts have held that the guidelines are not binding on the Debtor. *See e.g. In re Matter of Johnson*, 106 B.R. 623 (Bankr. D.Neb.1989); *In re Crosby*, 93 B.R. 798 (Bankr.S.D.Ga.1988).

IT IS SO ORDERED.