**In re Robert R. YOUNG, Jr., Debtor.**

**Bankruptcy No. 96–12349.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Feb. 19, 1997.

Michael T. Tabor, Jackson, TN, for Debtor.

Cynthia G. Bennett, United States Trustee's Office, Memphis, TN.

**MEMORANDUM OPINION AND ORDER RE DEBTOR'S MOTION TO WAIVE REQUIREMENT THAT DEBTOR HAVE THE DESIGNATION "DEBTOR–IN–POSSESSION" IMPRINTED ON HIS CHECKS AND THE UNITED STATES TRUSTEE'S OBJECTION THERETO**

G. HARVEY BOSWELL, Bankruptcy Judge.

The debtor filed a motion to waive the requirement that he have imprinted on his checks "Debtor–In–Possession." The debtor is a practicing physician and has practiced medicine in Union City, Tennessee for 28 years. The debtor alleges that he filed chapter 11 because of financial problems arising out of his ownership and involvement in four restaurants in West Tennessee and that his financial problems are not related to his medical practice. The debtor contends that if he is able to obtain a confirmed chapter 11 case, the funding of the plan will have to come from income received from his medical practice. The debtor stated in his memorandum that his reputation in the community has an effect on his medical practice. The debtor alleges that in a small town like Union City requiring him to imprint "Debtor–In–Possession" on his checks will adversely affect his reputation and reduce his income. Further, the debtor alleges that the United States Trustee does not have the authority to require the debtor to place such an imprint on his checks. The United States Trustee ("UST") objects to the debtor's motion, contending that the debtor is required under the United States Trustee Initiatives to place the imprint on his checks so that all potential

896

creditors will be aware of his bankruptcy status.

This court conducted a hearing in this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014. This is a core proceeding. 28 U.S.C. § 157(b)(2). The following shall serve as this Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This Court finds two related issues presented in this case: (1) Under the UST Initiatives, does the UST have the statutory authority to require that the debtor-in-possession imprint his checks? (2) If the imprinting is required, should this debtor-in-possession be allowed to waive the rule due to the potential harm to his medical practice which is his main income source to fund his chapter 11 plan? The UST has the initial burden of proving to the Court that the Initiatives derive from statutory authority. For the following reasons, this Court finds that the UST failed to meet this burden.

■■■■ The UST argues that the Initiatives were issued under the authority vested in the UST by 28 U.S.C. § 586(a)(3).[1] The legislative history of the UST program sheds light on the administrative powers of the trustees. Prior to the Bankruptcy Reform Act of 1978 (P.L. 95–598), all administrative as well as judicial functions in bankruptcy were handled by the bankruptcy courts. The administrative functions in bankruptcy cases include, but are not limited to, the following: (1) ensuring payment of withholding and other taxes by debtors; (2) organizing and scheduling meetings of creditors; (3) organizing creditors' committees; (4) appointing private trustees in chapter 7 liquidation and chapter 13 wage-earner cases; (5) monitoring the filing of reports and schedules required by the Bankruptcy Code; (6) and monitoring cases for signs of fraud or abuse. Judicial functions, on the other hand, are generally limited to rulings by judges on disputed matters in adversary proceedings and on other filings for which court approval is required by the Bankruptcy Code.

■■■■ The Bankruptcy Reform Act of 1978 sought to separate the administrative duties in bankruptcy from the judicial tasks, leaving the bankruptcy judges free to resolve disputes untainted by knowledge of administrative matters unnecessary and perhaps prejudicial to an impartial judicial determination. To accomplish these goals, the Bankruptcy Reform Act of 1978 created the UST Pilot Program, which was to run through 1984, and then was extended until 1986. In

---

1.  (a) Each United States trustee, within the region for which such United States trustee is appointed, shall—
(3) supervise the administration of cases and trustees in cases under chapter 7, 11, 12, or 13 of title 11 by, whenever the United States trustee considers it to be appropriate—
(A)(I) reviewing, in accordance with procedural guidelines adopted by the executive office of the United States trustee (which guidelines shall be applied uniformly by the United States trustee except when circumstances warrant different treatment), applications filed for compensation and reimbursement under section 330 of title 11; and
(ii) filing with the court comments with respect to such application and, if the United States trustee considers it to be appropriate, objections to such application;
(B) monitoring plans and disclosure statements filed in cases under chapter 11 of title 11 and filing with the court, in connection with hearings under sections 1125 and 1128 of such title, comments with respect to such plans and disclosure statements;
(C) monitoring plans filed under chapters 12 and 13 of title 11 and filing with the court, in connection with hearings under sections 1224,

1229, 1324, and 1329 of such title, comments with respect to such plans;
(D) taking such action as the United States trustee deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 and this title by the debtor are properly and timely filed;
(E) monitoring creditors' committees appointed under title 11;
(F) notifying the appropriate United States attorney of matters which relate to the occurrence of any action which may constitute a crime under the laws of the United States and, on the request of the United States attorney, assisting the United States attorney in carrying out prosecutions based on such action;
(G) monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress; and
(H) monitoring applications filed under section 3327 of title 11 and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications, received as trustee in cases under title 11.
28 U.S.C. § 586(a)(3).

1986, the 99th Congress, in P.L. 99–554, statutorily approved the UST Program. The UST serves a vital function in the bankruptcy process. The UST, however, is strictly limited to those functions in 28 U.S.C. § 586. *See supra* note 1. The UST has not been given any additional power to "require" that this or any other debtor imprint "Debtor–In–Possession" on his checks. While the policy reasons for seeking the imprint are well understood by this Court, the Court is limited to interpreting the law. Section 586 grants the UST certain powers, which mainly include supervisory and monitoring powers; however, § 586 does not authorize the UST to promulgate rules or impose substantive or administrative requirements on debtors. *In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105–06 (Bankr.N.D.Ill.1995); *In re Johnson*, 106 B.R. 623, 624 (Bankr.D.Neb.1989). The UST has not given the Court any other basis on which to find statutory authority to allow the UST to enforce this requirement. Thus, this Court finds that the UST does not have the statutory authority to require the debtor to imprint "Debtor–In–Possession" on his checks. The Court, therefore, concludes that the debtor is not required to imprint his checks.

Because the Court concludes that the UST did not meet its burden in showing its statutory authority for requiring the imprint, this Court does not get to the issue of waiver.

## ORDER

It is therefore **ORDERED** that the debtor's motion to waive the requirement to debtor have written on checks "Debtor–In–Possession" is **GRANTED**.