In re LWD, INC., Debtor.

In re LWD Trucking, Inc., Debtor.

In re LWD Sanitary Landfill, Inc., Debtor.

In re LWD Land Company, Inc., Debtor.

In re LWD Field Services, Inc., Debtor.

In re LWD Equipment, Inc., Debtor.

In re General Environmental Services, LLC, Debtor.

Richard F. Clippard, United States Trustee, Plaintiff,

v.

LWD, Inc., et al., Defendants.

Bankruptcy Nos. 03–51021, 03–51023, 03–51024, 03–51022, 03–51019, 03–51018, 03–51373.
Adversary No. 06–5016.

United States Bankruptcy Court, W.D. Kentucky, Paducah Division.

June 6, 2006.

Mark C. Whitlow, Whitlow, Roberts, Houston & Straub, PLLC, Paducah, KY, Gregory R. Schaaf, Andrew David Stosberg, Lexington, KY, Richard J. Bernard, Douglas E. Spelfogel, Garden City, NY, Jeff S. Taylor, Jeff S. Taylor, P.S.C., Owensboro, KY, for LWD, Inc., Debtor.

Jeff S. Taylor, Jeff S. Taylor, P.S.C., Owensboro, KY, for LWD Trucking, Inc., LWD Sanitary Landfill, Inc., LWD Land Company, Inc., LWD Equipment, Inc., Debtors.

Mark C. Whitlow, Jeff S. Taylor, P.S.C., Paducah, KY, for LWD Field Services, Inc., Debtor.

## MEMORANDUM–OPINION

THOMAS H. FULTON, Bankruptcy Judge.

THIS ADVERSARY PROCEEDING is before the Court on the Motion of K & B Capital, LLC, Robert Kattula and Maria Kattula to Dismiss Complaint (the "Instant Motion"). For the reasons discussed below, the Court denies the Instant Motion.

The Defendant-movants make several arguments as to why the Complaint of Plaintiff should be dismissed in its entirety or at least as to one or more of the Defendants. The Court addresses each argument in the order raised by the movants, as follows.

*A. Whether "The Court Should Strike The Complaint Pursuant to Rule 12(f) As Violative of Rules 8 and 10."*

The essence of the movants' argument here is that the Complaint does not constitute a "short and plain" statement of Plaintiff's claims against Defendants and therefore should be stricken in its entirety, or at least to the extent necessary to render it "short and plain." The movants assert that the Complaint is "unreadable, and at points incomprehensible" and "replete with immaterial, impertinent and verbose material" that is "prejudicial to defendants." *See* Fed. R. Bankr.P. 7012, 7008, and 7010. The Court under the circumstances disagrees.

The movants' argument may be divided into two parts. First, they argue that the Complaint is too complex for Defendants to understand and defend the claims asserted against them. The Court has reviewed the Complaint carefully, keeping in mind that a complaint must simply put the defendant on notice of the claims asserted against it and that motions to strike are viewed with disfavor and infrequently granted. *See, e.g., In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation,* 218 F.R.D. 76, 78 (S.D.N.Y.2003). Based on a fair reading of the Complaint, and for purposes of the Instant Motion accepting all allegations in the Complaint as true,[1] the Court finds under the circumstances that the Complaint is drafted simply and clearly enough to put Defendant-movants on notice of the various claims asserted against them. As the movants well know, the bankruptcy cases that spawned this Adversary Pro-

---

1. *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); *Mayer v. Mylod,* 988 F.2d 635 (6th Cir.1993).

ceeding (the "Underlying Bankruptcies") have an extremely complex factual and procedural history. The Complaint simply and necessarily reflects that complexity.[2] It is sufficiently short and plain, simple, concise and direct that the movants reasonably should be able to answer the twenty-three numbered paragraphs containing Plaintiff's allegations against Defendants.[3]

■ Second, the movants argue that the Complaint is so full of argumentative and immaterial assertions that it should be stricken in its entirety or at least amended to remove such objectionable material. In considering this argument, the Court has followed the guidance of the Court's sister jurisdiction in the Eastern District of Kentucky; that is, that motions to strike are not ordinarily granted unless "it is apparent that the allegations sought to be stricken can have no possible relation to the controversy" and "should be resorted to only where the pleading contains such allegations that are obviously false and clearly injurious to a party to the action because of the kind of language used or that the allegations are unmistakably unrelated to the subject matter." *Pessin v. Keeneland Ass'n*, 45 F.R.D. 10, 13 (E.D.Ky.1968). The Court cannot conclude at this stage of the litigation that the allegations of the Complaint cannot possibly relate to the controversy at issue or that they are obviously false or clearly injurious to the movants. Plaintiff's core position is that the Defendants acted in a manner that resulted in bankruptcy estate assets being improperly transferred or otherwise dissipated to the detriment of other creditors, including, without limitation the Plaintiff United States Trustee. Given the facts

and circumstances surrounding the Underlying Bankruptcies that spawned this Adversary Proceeding, including, *inter alia*, the fact that the Court has previously found that certain of the Defendants improperly diverted or failed to disclose estate assets, the Court cannot say that Plaintiff used clearly prejudicial language or made assertions that were clearly unrelated to its core position.

**B. Whether "The United States Trustee Lacks Standing As to 'Count(s)' I, II, II (Paragraphs 18, 19, 20)."**

■ The movants argue here that in bringing the Complaint, Plaintiff has exceeded the statutory scope of the duties and responsibilities of the United States Trustee under 28 U.S.C. § 586 and that, therefore, Plaintiff lacks standing to bring the Complaint. The movants' argument clearly fails in light of 11 U.S.C. § 307, which expressly gives the United States Trustee standing to "raise and ... appear and be heard on any issue in any case or proceeding under this title...." As noted by the Sixth Circuit Court of Appeals in *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498 (6th Cir. 1990), the United States Trustee is a watchdog that guards the public interest. *Revco*, 898 F.2d at 500. Indeed, the U.S. District Court for the Western District of Tennessee stated as follows with regard to the position taken by the movants here, which opinion was affirmed by the Sixth Circuit Court of Appeals:

> Debtor's reliance on § 586 is misplaced. Debtor failed to address the inconsistency between § 586 and § 307 which was enacted several years later Not only does the clear and unambiguous lan-

---

**2.** The Court notes in this regard that the movants' own writing is not the model of brevity, or, for that matter, clarity.

**3.** Indeed, the Defendants other than the movants have apparently had no trouble understanding the Complaint. They filed their answers, including crossclaims, on March 13, 2006 and March 29, 2006, respectively.

guage of § 307 support the Trustee's standing to file objections to fee applications, but the legislative history reveals an intent to broaden the powers of the trustee as well.

*Hayes and Son Body Shop, Inc. v. United States Trustee,* 124 B.R. 66, 68 (W.D.Tenn. 1990) *aff'd mem.,* 958 F.2d 371 (6th Cir. 1992).[4] As stated by the Court in Hayes, "[t]he language, legislative history, and judicial interpretation of § 307 reveal that Congress intended to enhance the role of the United States Trustee by permitting direct involvement in bankruptcy proceedings." [5] *Id.*

As discussed previously, the Court must accept all of Plaintiff's allegations as true for purposes of the Instant Motion. Plaintiff has alleged that Defendants actions have resulted in an improper diminishment of estate assets to the detriment of creditors including the United States government, which, by extension, includes the general taxpaying public. In light of these assumed facts, the Court must conclude, *inter alia,* that Plaintiff is acting in the public interest in bringing this Adversary

Proceeding and, therefore, has standing under 11 U.S.C. § 307.

### C. Whether " 'Count' 'I' is Barred by Res Judicata And, In any Event, Fails to State a Claim."

■ Here the movants present a somewhat confusing mishmash of arguments that the Court believes boils down to five major points. First, the movants argue that Plaintiff is not the real party in interest for bringing the equitable subordination claim set forth in Paragraph 18 of the Complaint. The movants seem to assert that such a claim belongs to one or more of the bankruptcy estates associated with the Underlying Bankruptcies and that this "Count" of the Complaint should be dismissed because Plaintiff lacks standing to assert the claim on behalf of such estates. As discussed above, the United States Trustee has broad standing to bring actions in its own name in its role as "watchdog" of the public interest. Furthermore, Plaintiff has alleged that it is a creditor of the bankruptcy estates whose interests are unique. Accepting that allegation as true for purposes of the Instant

---

**4.** The Court notes that the debtor in *Hayes* was sanctioned under Federal Rules of Bankruptcy Procedure 9011 for ignoring 11 U.S.C. § 307 and Sixth Circuit precedent such as *Revco.* The Sixth Circuit Court of Appeals upheld the sanction, finding that "Plaintiff was placed on notice of the undeniable effect of § 307 on his position with respect to § 586" and that the debtor had failed to "deal candidly with the obvious authority contrary to its position." *Hayes & Son Body Shop, Inc. v. Childress,* 958 F.2d 371 (6th Cir.1992) (unpublished opinion). In the instant case, Plaintiff has not moved for sanctions against the movants so the Court need not address this issue at this time.

**5.** The Court is aware that movants rely on a bankruptcy court case from the Middle District of Tennessee, *In re Washington Manufacturing Company,* 123 B.R. 272 (Bankr. M.D.Tenn.1991), which ostensibly limits somewhat the power of the United States

Trustee to intervene in adversary proceedings. That case, however, is distinguishable from this Adversary Proceeding in that it dealt with the United States Trustee's attempt to intervene under Federal Rule of Bankruptcy Procedure 7024 in an action rather than initiating an original adversary proceeding on its own behalf. Moreover, *Washington Manufacturing* was decided prior to the Sixth Circuit Court of Appeals affirming *Hayes.* While the Sixth Circuit Court of Appeals did not expressly address *Washington Manufacturing,* this Court believes the Sixth Circuit Court of Appeals' affirmation of the extremely broad scope of the United States Trustees powers in *Hayes* at least casts into question the decision in *Washington Manufacturing.* The movants also rely on *In re Young,* 205 B.R. 894 (Bankr. W.D.Tenn.1997), which case is clearly inapplicable in that it dealt with whether the United States Trustee has the power to promulgate administrative rules or regulations.

Motion, the Court must conclude under the circumstances that Plaintiff is a real party in interest with standing to assert an equitable subordination claim under 11 U.S.C. § 510(c). Equitable subordination claims are not property of bankruptcy estates but rather may be brought by individual creditors on their own behalf to achieve fair distribution of estate assets. *See Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1231 (7th Cir.1990).

 Second, the movants argue that Plaintiff's equitable subordination claim is barred by *res judicata*. Bluntly stated, this argument utterly lacks merit. As stated by the Sixth Circuit Court of Appeals in *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir.1999)(quoting from *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997)):

> *Res judicata* bars a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action."

Here. there has been no allegation of *any* prior action between Plaintiff or its privy and Defendants. The movants therefore cannot argue that the Adversary Proceeding is a "subsequent action between the same parties or their privies." As the movants' argument obviously fails on this ground alone, the Court need not consider the other elements needed to establish *res judicata*.

 Third, the movants argue that Plaintiff fails to state a claim upon which relief may be granted because the actions forming the basis of Plaintiff's claims are not legally cognizable as misconduct and that, in any event, Plaintiff and other creditors were not harmed by such actions. The Court may easily dispose of this argument by noting again that for purposes of a motion to dismiss, the Court must at this stage of the litigation accept Plaintiff's allegations as true. Plaintiff has in essence alleged that the various Defendants acted in concert improperly to transfer or otherwise dissipate estate assets, diminishing the various creditors' chances of satisfying their claims (including Plaintiff). Thus, Plaintiff has alleged misconduct on the part of Defendants that, if proven true, could result in application equitable subordination under 11 U.S.C. § 510(c).[6] Although the movants allege that movant K & B Capital, LLC ("KBC") has an "allowed" secured claim and superpriority administrative expense status that together give it a claim against estate assets far in excess of what is assets potentially available for distribution to creditors, that argument itself is dependent upon Plaintiff failing in its equitable subordination claim. If Plaintiff prevails in its equitable subordination claim, KBC will no longer have a secured claim with priority over other creditors and estate assets will potentially be available for distribution to Plaintiff and other creditors. Furthermore, 11 U.S.C. § 510(c) expressly contemplates subordination of "allowed" claims, so Plaintiff's

---

**6.** The Sixth Circuit has adopted a three-part standard for establishing equitable subordination: (1) the claimant must have engaged in some type of inequitable conduct; (2) the misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act. *See In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 744 (6th Cir.2001).

claim is not inconsistent with the Bankruptcy Code.

▮ Fourth, the movants argue that Plaintiff fails to state a legally cognizable claim in arguing for "equitable postponement" in Paragraph 19 of the Complaint. Plaintiff asserts that "equitable postponement" is an established doctrine under Kentucky common law. Although Plaintiff's "equitable postponement" claim initially appears to the Court to be largely indistinguishable from equitable subordination under 11 U.S.C. § 510(c), at least in terms of practical effect, the Court does not believe that warrants dismissing this claim at this time. As this Adversary Proceeding progresses the distinction between equitable subordination and equitable postponement could become more apparent. At this time, it is enough for the Court to conclude that equitable postponement might be a form of relief that could be granted under the Court's inherent equitable authority under 11 U.S.C. § 105. Of course, the Court's decision herein does not preclude the movants from seeking summary judgment on this claim at the appropriate time.

Fifth, the movants argue that Paragraph 20 of the Complaint fails to state a cognizable claim in that it fails to plead all of the requisite elements of "unjust enrichment" and asks for a remedy that the movants believe the Court cannot provide. The movants evidently misunderstand Plaintiff's claim. Plaintiff's claim here simply seeks disallowance of Defendant KBC's claim in the Underlying Bankruptcy on grounds that KBC has failed to comply with the Court's Order in a related Adversary Proceeding, which directed KBC to pay back to the bankruptcy estates of the debtors certain funds improperly transferred to KBC. 11 U.S.C. § 502(d) directs the Court to disallow KBC's claim in those circumstances. *See also* 11 U.S.C.

§ 502(j). Plaintiff further asserts, logically, that if KBC's claim is disallowed, KBC's credit bid used to purchase assets of the Debtors must be nullified and KBC must be required to pay to bankruptcy estates the amount of that credit bid, $1.75 million. The Court has inherent equitable power under appropriate circumstances to order that such payment be made. *See* 11 U.S.C. § 105(a).

D. *Whether "Robert Kattula is Entitled to Judgment On Count IV As a Matter of Law."*

▮ The movants argue that movant Robert Kattula cannot be held personally liable for payment of the United States Trustee's quarterly fees (the "UST Fees") because he was not one of the parties "commencing" the debtors' bankruptcy cases. *See* 28 U.S.C. § 1930(a)(6). The movants rely on the fact that the Underlying Bankruptcies were initiated as involuntary bankruptcy cases as grounds for arguing that Robert Kattula technically did not "commence" the bankruptcy cases and that the creditors filing the involuntary petitions should be liable for the UST Fees.

The movants forget or otherwise ignore, however, that the Underlying Bankruptcies were initiated as involuntary *Chapter 7* bankruptcies. 28 U.S.C. § 1930(a)(6) applies only to *Chapter 11* cases. The Debtors' Chapter 11 cases were ostensibly commenced by the Debtors themselves when the Debtors voluntarily either converted the involuntary Chapter 7 cases to voluntary Chapter 11 cases or, in the case of General Environmental Services LLC ("GES"), filed a new Chapter 11 case. Plaintiff alleges that Robert Kattula was in reality a party "commencing" the Underlying Bankruptcies because of his actual control of the Debtors, which allegation must be accepted as true for purposes of a

motion to dismiss.[7] Accordingly, the movants' argument here fails.

### E. Whether "Maria Kattula Should Be Dismissed As a Party."

The movants additionally argue that the Complaint should be dismissed with respect to movant Maria Kattula because she is not an indispensible party to the Adversary Proceeding. *See* Fed. R. Bankr.P. 7019. Plaintiff asserts that Maria Kattula is an indispensible party who is needed for a just determination because of her ownership interest in KBC and because she "may have liability due to aiding and abetting and breaches of fiduciary duties."[8] Based on the Complaint as currently drafted, the Court cannot at this time agree with Plaintiff that Maria Kattula is an indispensible party. Nevertheless, in light of Plaintiff's assertion that it is considering asserting a specific claim against Maria Kattula based on her own actions and conduct, for reasons of judicial economy, the Court will give Plaintiff sixty (60) days from this date to amend the Complaint to assert any claim(s) it believes it might have against Maria Kattula, whereupon Maria Kattula may certainly file another motion to dismiss if Plaintiff has failed properly to amend the Complaint or if she believes that the amended Complaint continues to fail to state a valid claim against her.

The Court has entered a separate Order consistent with the foregoing. *Fed. R. Bankr.P. 9021.*

### ORDER

THIS ADVERSARY PROCEEDING is before the Court on the Motion of K & B Capital, LLC, Robert Kattula and Maria Kattula to Dismiss Complaint (the "Instant Motion"). Pursuant to Federal Rules of Bankruptcy Procedure 7054 and 9021 and the Court's Memorandum–Opinion entered this same date and incorporated herein by reference, the Court DENIES the Instant Motion; provided, however, that Plaintiff shall have sixty (60) days from this date to amend the Complaint to assert any claim(s) it believes it might have against Maria Kattula, whereupon Maria Kattula may file another motion to dismiss if Plaintiff has failed properly to amend the Complaint or if she believes that the amended Complaint continues to fail to state a valid claim against her.

---

7. No doubt, Robert Kattula is an "insider" as contemplated under the Bankruptcy Code, 11 U.S.C. § 101(31)(B).

8. It also appears that Maria Kattula is an "insider" as contemplated under the Bankruptcy Code, 11 U.S.C. § 101(31)(B).